**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:13CR326** |
| | ) | |
| **vs.** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| **PRETISS CHARLES REDDICK, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the motion of defendant Pretiss Charles Reddick, Jr. (Reddick), to dismiss Counts I, II, III, and IV of the Indictment (Filing No. 14).  Reddick is charged in Counts I and III of the Indictment with separate occasions of making a false statement on a Form 4473, Firearms Transaction Record, intended to deceive a federal firearms dealer as to the identity of the actual buyer of two firearms in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).  Counts II and IV of the Indictment charge Reddick with two separate occasions of making a false statement to a federally licensed firearms dealer in violation of 18 U.S.C. § 924(a)(1)(A).

The court held an evidentiary hearing on the motion on November 7, 2013.  Reddick was present with his counsel, Federal Public Defender David R. Stickman.  The United States was represented by Assistant U.S. Attorney Meredith B. Tyrakoski.  The court took judicial notice of the Indictment (Filing No. 1) and the parties stipulated that neither the defendant nor the true purchaser of the firearms as alleged in the Indictment were prohibited persons (TR. 3-4).  A Transcript (TR.) of the hearing was prepared and filed on November 8, 2013 (Filing No. 23).

18 U.S.C. § 926(a)(6) provides:

> (a) It shall be unlawful - -
>
> (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

18 U.S.C. § 924(a)(1) provides:

> Except as otherwise provided in this subsection, subsection (b), (c), (f), or (p) of this section, or in section 929 whoever--
>
> (A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in

the records of a person licensed under this chapter or in
applying for any license or exemption or relief from disability
under the provisions of this chapter.

Reddick is charged in the Indictment with purchasing firearms from the Cabela's Retail store in La Vista, Nebraska, a licensed federal firearms dealer, and falsifying the Firearms Transaction Record, Form 4473, by representing he was the actual buyer/transferee when he was not the actual buyer/transferee.

This case involves the treatment of a "straw purchaser" of firearms from a federally licensed firearms dealer.  A "straw purchase" involves a legal fiction treating the ultimate recipient of a firearm as the actual buyer and the immediate purchaser as a mere "straw man." The government asserts any falsification to a federal firearms dealer of the identity of the ultimate recipient of the firearm is in violation of the federal firearms laws.  Reddick asserts a falsification violation occurs only when either the immediate purchaser or the ultimate recipient of the firearm are prohibited persons.  Reddick cites *United States v. Polk*, 118 F.3d 286 (5th Cir. 1997) for the proposition that if the true purchaser can lawfully purchase a firearm, then the statutory language criminalizing false statements to dealers with respect to facts material to the lawfulness of the sale does not apply.  *Polk*, 118 F.3d at 295.

The Fifth Circuit stands alone in its interpretation of the statute in question.  The Fourth, Sixth, and Eleventh Circuits have expressly declined to adopt the *Polk* reasoning.  In *United States v. Frazier*, 605 F.3d 1271 (11th Cir. 2010), the Eleventh Circuit found the act of falsifying the identity of the actual buyer on Form 4473 to be a violation of § 922(a)(6).  *Frazier* rejected the *Polk* analysis and found the identity of the actual buyer is a fact material to the lawfulness of the sale regardless of the eligibility of the actor to purchase the firearm.  *Frazier*, 605 F.3d at 1280.  In *United States v. Morales*, 687 F.3d 697 (6th Cir. 2012), the Sixth Circuit found the Eleventh Circuit's reasoning in *Frazier* to be sound and likewise held the identity of the actual purchaser is material to the lawfulness of a firearms transaction.  *Morales*, 687 F.3d at 701.

In *United States v. Abramski*, 706 F.3d 307 (4th Cir. 2013), the Fourth Circuit stated:

> Put simply, we are unable to agree with *Polk.*  It is clear to us that the prohibition against false and fictitious statements in § 922(a)(6) is not limited to those persons who are prohibited from buying or possessing a firearm.  To establish a violation of § 922(a)(6) the prosecution is obligated to prove four elements:  "(1) the defendant knowingly made (2) a false or fictitious oral or written statement that was (3) material to the lawfulness of the sale or disposition of a firearm, and was (4) intended to deceive or likely to deceive a firearms dealer." *United States v. Harvey*, 653 F.3d 388, 393 (6th Cir. 2011).  The straw purchaser issue goes directly to the third of these essential elements—materiality.

2

*Abramski*, 706 F.3d at 316.  On October 15, 2013, the United States Supreme Court granted certiorari in *Abramski* on the following questions:

> 1.  Is a gun buyer's intent to sell a firearm to another lawful buyer in the future a fact "material to the lawfulness of the sale" of the firearm under 18 U.S.C. § 922(a)(6)?
> 2.  Is a gun buyer's intent to sell a firearm to another lawful buyer in the future a piece of information "required . . . to be kept" by a federally licensed firearm dealer under 18 U.S.C. § 924(a)(1)(A)?

*Abramski v. United States*, No. 12-1493, 2013 WL 3211747.

Although the precise issue before this court has not been presented to the Eighth Circuit, both parties agree that the Eighth Circuit appears to align itself with the Sixth Circuit's *Abramski* decision.  **See *United States v. Abfalter***, 340 F.3d 646, 650 (8th Cir. 2003).  The undersigned magistrate judge also disagrees with the *Polk* decision and aligns himself with the Fourth, Sixth, and Eleventh Circuits finding the identity of the actual buyer of a firearm is material to the lawfulness of a sale of a firearm by a licensed federal firearms dealer.

**IT IS RECOMMENDED TO CHIEF JUDGE LAURIE SMITH CAMP** that Reddick's motion to dismiss (Filing No. 14) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 14th day of November, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge