# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PRETISS CHARLES REDDICK, JR.,<br><br>　　　　　　Defendant. | CASE NO. 8:13CR326<br><br>AMENDED[1] MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Findings and Recommendation (Filing No. 24) issued by Magistrate Judge Thomas D. Thalken recommending that the Motion to Dismiss Criminal Case (Filing No. 14) filed by Defendant, Pretiss Charles Reddick, Jr. ("Reddick"), be denied. Payne filed a Statement of Objections to the Findings and Recommendation (Filing No. 25) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). For the reasons set forth below, the Findings and Recommendation will be adopted and the Motion to Dismiss will be denied.

## BACKGROUND

Reddick was charged in a four count indictment. Counts I and III allege violations of 18 U.S.C. § 922(a)(6), False Statement in Attempting to Acquire a Firearm. Counts II and IV allege violations of 18 U.S.C. §924(a)(1)(A), False Statement to a Federally Licensed Firearms Dealer. The Court has considered the transcript of the evidentiary hearing as well as the evidence, including the recording of the interview. After conducting a de novo review of the record, the Court adopts Judge Thalken's factual findings. The Court provides the following facts by way of summary:

---

[1] The Memorandum and Order has been amended to correct the spelling of the Defendant's first name. No other changes have been made to the Court's Order of December 10, 2013 (Filing No. 26).

Reddick's charges arise from the purchase of firearms from the Cabela's Retail store in La Vista, Nebraska, a licensed federal firearms dealer. It is alleged that Reddick falsified the Firearms Transaction Record, Form 4473, by representing he was the actual buyer/transferee when he was not the actual buyer/transferee. The parties agree that at all times material to this case, neither Reddick nor the true purchaser of the firearm was prohibited from possessing firearms under federal law. Reddick was arrested on September 26, 2013, and was released on bond on September 30, 2013. On October 21, 2013, Reddick filed this Motion. Reddick asserts that federal law prohibits false statements that are intended to deceive federal firearms dealers with respect to facts material to the lawfulness of the sale firearms. Defendant specifically asserts that if the true purchaser of a firearm can lawfully purchase a firearm directly, liability under § 922(a)(6) does not attach.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

This matter presents a question of law with respect to the treatment of a "straw purchaser" of firearms from a federally licensed firearms dealer. Judge Thalken noted that a "straw purchase" is a legal fiction, where the ultimate recipient of a firearm is treated as the actual buyer, and the immediate purchaser is treated as a "straw man."

(Filing No. 24 at 2.)  A circuit split exists with respect to the treatment of a "straw purchaser" under 18 U.S.C. § 922(a)(6) and the materiality of identifying the actual purchaser to a federally licensed firearms dealer under § 924(a)(1)(A).  The majority of Circuit Courts of Appeals that have addressed the issue hold that a defendant who misrepresents the identity of an actual buyer of firearms violates the statutes that prohibit making false statements during the purchase of a firearm from a federally licensed firearm dealer.  See *United States v. Abramski*, 706 F.3d 307, 316 (4th Cir. 2013) *cert. granted,* 134 S. Ct. 421 (2013); *United States v. Morales*, 687 F.3d 697 (6th Cir. 2012); *United States v. Frazier*, 605 F.3d 1271, 1280 (11th Cir.2010).  The Fifth Circuit has held that liability under § 922(a)(6) does not attach if the true purchaser of a firearm can lawfully purchase a firearm directly.  *United States v. Polk*, 118 F.3d 286 (5th Cir. 1997).  The Supreme Court granted certiorari in *Abramski* to answer whether a gun buyer's intent to sell a firearm to another lawful buyer in the future is prohibited under § 922(a)(6), and whether a gun buyer's intent to sell a firearm to another lawful buyer in the future is information required to be kept by a federally licensed firearm dealer under § 924(a)(1)(A).  134 S. Ct. at 421.

Reddick agrees that Judge Thalken has accurately set forth the state of the law, and merely objects to the conclusion in the Findings and Recommendation.  Reddick noted that he filed his Motion to Dismiss to preserve an issue before the Supreme Court, and agreed that the issue is properly framed in the Findings and Recommendation.  (Filing No. 25 at 1.)  The parties and Judge Thalken also agree that although the Eighth Circuit has not directly addressed this issue, the Eighth Circuit appears to align with the reasoning stated in the *Abramski* decision (Filing No. 24 at 3;

Filing No. 15 at 2). *See United States v. Abfalter*, 340 F.3d 646, 653 (8th Cir. 2003) (stating that counts in an indictment concerning false statements by a defendant that she was the actual buy of a firearm were sufficient to support a jury finding that the defendant was a straw purchaser in violation of 18 U.S.C. § 924(a)(1)(A)). The Court agrees with Judge Thalken that, under the current state of the law, the identity of the actual buyer of a firearm is material to the lawfulness of a sale of a firearm by a licensed federal firearms dealer. Accordingly,

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 24) issued by Magistrate Judge Thomas D. Thalken recommending that the Motion to Dismiss Criminal Case (Filing No. 14) filed by Defendant, Pretiss Charles Reddick, Jr., be denied, are adopted in their entirety.

2. Defendant Pretiss Charles Reddick, Jr.'s Statement of Objections to the Findings and Recommendation (Filing No. 25) is overruled; and

3. The Motion to Dismiss Criminal Case (Filing No. 14) filed by Defendant, Pretiss Charles Reddick, Jr., is denied.

Dated this 10th day of December, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge